UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **W.G. CLEMONS, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-8917** |
| **HARTFORD INSURANCE COMPANY OF THE MIDWEST** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion For Expedited Hearing (R. Doc. 38)** filed by the Defendant, Hartford Insurance Company of the Midwest ("Hartford"), seeking expedited review of its **Motion To Quash Corporate Deposition and for Protective Order. (R. Doc. 39.)** In the underlying motion, Hartford seeks an Order from this Court: (1) sustaining its objections to the Rule 30(b)(6) Notice of Deposition which was issued by he Plaintiffs, W.G. Clemons, Sr. and Jeannie Clemons (collectively, "the Plaintiffs"); (2) quashing the Notice; and (3) granting a protective order in its favor. The Plaintiffs oppose the motion. (R. Doc. 50.) The Court hereby grants expedited review and considers the merits of the motion below.

**I.  Background**

The Plaintiffs filed the instant action against Hartford, alleging breach of contract based on Hartford's purported failure to pay amounts due under an insurance policy and failure to properly adjust their insurance loss claims.[1] (R. Doc. 1, Compl., ¶ 10.) The Plaintiffs' home, located at

---

[1] The Plaintiffs filed suit in the Civil District Court for the Parish of Orleans on October 11, 2007, and Hartford removed the matter to this Court on November 16, 2007.

13458 Lourdes Street, New Orleans, Louisiana, was insured by Hartford for the policy period effective from September 24, 2004 through September 24, 2005. (R. Doc. 1, ¶ 2, 6.)

On August 29, 2005, the Plaintiff's property sustained roof and interior damage and suffered direct physical loss as a result of Hurricane Katrina. (R. Doc. 1, ¶ 7.) The Plaintiffs allege that, although they promptly submitted proof of their claim to Hartford, to date Hartford has paid a sum slightly in excess of $25,000.00. (R. Doc. 1, ¶ 8.) Accordingly, the Plaintiffs filed the subject lawsuit seeking: all funds due under the coverage provided by the policy; penalties and attorney's fees pursuant to Louisiana law; costs and interest; damages; and any other relief deemed appropriate by this Court. (R. Doc. 1, Prayer for Relief.)

During the course of discovery, the Plaintiffs requested available dates to facilitate Hartford's Rule 30(b)(6) corporate deposition. (R. Doc. 50, p.1.) After receiving no response, counsel for the Plaintiffs informed counsel for Hartford, in an email dated April 17, 2009, that he had issued a Notice of Deposition setting Hartford's corporate deposition for May 5, 2005– the day before the original discovery deadline in this case. (*See* R. Doc. 50-3, p. 1, Email from Clay Garside, Apr. 17, 2009. *See also* R. Doc. 50-2, pp. 2-4, Notice of Depo. for Hartford, Apr. 17, 2009; R. Doc. 15.) Counsel also noted that he was "perfectly open to adjust the date, time, and place" of the deposition.

In an email dated April 28, 2009, counsel for Hartford's secretary asked counsel for the Plaintiffs whether Hartford's corporate deposition would proceed forward on May 5, 2009. (R. Doc. 50-3, p. 2, Email from Debbie Chatellier, Apr. 28, 2009). Counsel for the Plaintiffs responded that same day, confirming that the deposition would proceed as scheduled and indicating that "[i]f someone need[ed to reschedule, [he] would like to know by the end of [the] week." (R. Doc. 50-3,

p. 2, Email from Clay Garside, Apr. 28, 2009). Thereafter, on May 4, 2009, counsel for the Plaintiffs confirmed that Hartford's corporate deposition–which was originally noticed for May 5, 2009–had been postponed until after the settlement conference, at counsel for Hartford's request.[2] (*See* R. Doc. 50-3, p. 3, Email Exchange Between Carol Henry and Clay Garside, May 4, 2009.) Counsel for Hartford noted that she was "working on obtaining alternative dates in the event the parties [did] not reach an agreement at the settlement conference." (R. Doc. 50-3, p. 3, Email From Carol Henry, May 4, 2009.)

On May 7, 2009, counsel for the Plaintiffs reminded counsel for Hartford of the pressing need for an available date to conduct the Rule 30(b)(6) corporate deposition "as soon as possible." (*See* R. Doc. 50-3, p. 5, Email from Clay Garside, May 7, 2009.) Counsel for Hartford responded, indicating that he would "need to see [the] proposed 30(b)(6) topics <u>in order to identify the correct person</u>." (R. Doc. 50-3, p. 4, Email from Marty Sadler, May 8, 2009) (emphasis added). Counsel for the Plaintiffs replied, noting that Hartford's 30(b)(6) Notice had been provided previously, on April 17, 2009, and that "the topics of inquiry [had] not changed." (R. Doc. 50-3, p. 4, Email from Clay Garside, May 8, 2009.) Nonetheless, on March 11, 2009 counsel for the Plaintiffs forwarded an email attaching a new Notice of Deposition and reiterating that the deposition would take place at counsel for Hartford's office on the new date–May 20, 2009 at 10:00 a.m. (*See* R. Doc. 50-3, p. 6, Email from Clay Garside, May 11, 2009. *See also* R. Doc. 50-4, Notice of Depo for Hartford., May 11, 2009.)

In an email dated May 19, 2009, counsel for Hartford memorialized a telephone discussion

---

[2] The Court also notes that the presiding District Judge issued an Order (R. Doc. 24), granting a Hartford's Unopposed Motion To Extend the Pre-Trial Motion and Discovery Deadlines (R. Doc. 23). In accordance with the new deadline, all depositions and discovery were to be completed **no later than May 27, 2009.** (R. Doc. 24) (emphasis added).

during which he had expressed his intent to file the subject Motion to Quash. (R. Doc. 50-3, p. 7, Email from James Nader, May 19, 2009.) He also reiterated his client's refusal to produce a corporate deponent for the deposition on May 20, 2009. (R. Doc. 50-3, p. 7, Email from James Nader, May 19, 2009.) However, counsel noted that he and his client "remained open to doing the deposition in Illinois on a mutually convenient date, including May 27 or 28, 2009." (R. Doc. 50-3, p. 7, Email from James Nader, May 19, 2009.)

Thereafter, on May 20, 2009, Hartford filed the subject motion, seeking an Order quashing the Notice of Deposition; asserting various objections to the Notice; and requesting a protective order on its behalf.[3] (*See generally* R. Doc. 39.) Hartford opposes the designated location for the deposition. (R. Doc. 39-2, pp. 1-2.) It also objects to the identified areas of inquiry listed in the Notice on grounds of attorney-client privilege, work product, overbreadth, and relevance. (R. Doc. 39-2, pp. 2-4.)

The Plaintiffs oppose the motion, arguing that Hartford has failed to demonstrate good cause to warrant an Order quashing the corporate deposition and/or permitting the entry of protective order on its behalf. (R. Doc. 50, p. 1.) They further assert that Hartford waived any and all of its objections by waiting until the day before the deposition to assert them. (R. Doc. 50, p. 1.) Ultimately, they insist that Hartford should not be permitted to prejudice their ability to present their case by refusing to sit for its corporate deposition on the eve of trial.

---

[3] The Court notes that Hartford originally filed its motion on May 19, 2009. However, that motion was marked deficient by the clerk's office. Hartford refiled the instant motion the following day, on May 20, 2009.

## II. Standard of Review

### A. Deposition

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with

reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. *Id.*

B. **Protective Order**

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c).

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Furthermore, under Rule 26(d), "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed.R.Civ.P. 26(d). The principal effect of Rule 26(d) is "to eliminate any fixed

priority in the sequence of discovery." Advisory Committee's Note to Fed.R.Civ.P. 26(d), 1970 Amendments. A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling reasons.'" Advisory Committee's Notes to Fed.R.Civ.P. 26(d), 1970 Amendments (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

## III.   Analysis

As a preliminary matter, the Court notes that Hartford failed to attach a copy of the Notice of Deposition at issue for the Court's review. Therefore, its motion runs afoul of Local Rule 7.4, which expressly provides "[i]f the motion requires the consideration of facts not appearing of record, the movant shall also file with the clerk and serve upon opposing counsel a copy of all documentary evidence he or she intends to submit in support of the motion." L.R. 7.4. Accordingly, the instant motion is procedurally deficient and may be denied on this ground alone. Nonetheless, the Court also notes several substantive problems with the subject motion and addresses those issues in due course below.

### A.   Quash Notice of Deposition

The Plaintiffs initially issued Hartford's Notice of Deposition on April 17, 2009. They reissued the Notice on May 11, 2009 to reflect a change in the date. Upon review of the email correspondence between counsel for both parties, the Court finds that this date change was made at counsel for Hartford's request. Hartford neglected to assert any objections to the initial Notice.

However, the Court notes that the new Notice incorporates an additional topic of inquiry–namely, Category H–concerning Hartford's experts, and it also amends Categories C and D to reflect counsel for the Plaintiffs' intent to inquire about "the flood claim as well as the HO3

7

claim." (*Compare* R. Doc. 50-2, p. 20-4, Notice of Depo., Apr. 17, 2009 *with* R. Doc. 50-4, p. 2-4, Notice of Depo., May 11, 2009.) It is this new Notice that forms the basis of Hartford's motion to quash and/or for a protective order.

Hartford seeks an Order quashing the Notice of Deposition, arguing that it was noticed unilaterally, without any input from Hartford's counsel. It asserts various objections to the Notice, and requests a protective order on its behalf. Specifically, it argues that the deposition must be re-noticed for a location in Aurora, Illinois where Robert Barton ("Barton")–its designated corporate representative– works and resides. (R. Doc. 39-2, pp. 1-2.) It insists that "[t]he designated time and place for the deposition are inconvenient for the witness and would cause considerable hardship in the professional responsibilities of the witness." (R. Doc. 39-2, p. 2.) Hartford also objects to the identified areas of inquiry listed in the Notice on grounds of attorney-client privilege, work product, overbreadth, and relevance. (*See* R. Doc. 39-2, pp. 2-4.)

The Plaintiffs contend that Hartford has failed to demonstrate good cause to warrant an Order quashing the corporate deposition and/or an Order permitting the entry of protective order on its behalf. They argue that New Orleans is the appropriate forum for the deposition. They further assert that Hartford has waived any objections, because it waited until the afternoon before the deposition and until after the discovery period to assert its objections.

The Plaintiffs also emphasize that the motion itself was the first and only indication that Hartford's corporate deponent, Barton, was a particular employee who works and resides in Illinois. Specifically, they note that Hartford's Witness List (R. Doc. 20) provides the name and address of its attorney *instead of* a corporate representative. (R. Doc. 50, pp. 3, 7) (emphasis added.) Ultimately, the Plaintiffs maintain that this motion is a litigation tactic and insist that Hartford

8

should not be permitted to prejudice their ability to present their case by refusing to sit for its corporate deposition.

It well settled that "the deposition of a corporation and by its agents and officers should ordinarily be taken at its principal place of business," particularly where the corporation is the defendant. *Salter v. Upjohn Co.,* 593 F.2d. 649, 651 (5th Cir. 1979); *see also Reich Album & Plunkett, LLC v. Wheat, Opperman & Meeks, P.C.*, No. 06-10850, 2007 WL 1655677, at *4 (E.D. La. June 4, 2007) (Roby, M.J.); *Thomas v. WSFM, LLC*, No. 07-1336, 2008 WL 821948, at *1 (E.D. La. Mar. 26, 2008) (Wilkinson, M.J.). This is based on the presumption that it is the plaintiff who brings the lawsuit and who exercises the first choice as to forum, and thus they cannot complain if they are forced to take discovery elsewhere. *Reich Album & Plunkett, LLC,* No. 06-10850, 2007 WL 1655677, at *4.

However, a party may overcome the presumption that a corporation's principal place of business is the default location for its deposition by demonstrating that "peculiar circumstances" justify conducting the deposition at another location. *Turner v. Kansas City So. Ry. Co.*, Nos. 03-2742, 05-2668, 2008 WL 4444282, at *1 (Sept. 24, 2008) (Wilkinson, M.J.) (internal citations omitted). Furthermore, various districts have considered five factors when deciding whether such peculiar and/or sufficient circumstances have been shown to overcome the presumption. *Id.* Specifically, courts may consider whether: (1) counsel for the parties are located in the forum district; (2) the deposition party is seeking to depose only one corporate representative; (3) the corporation chose a corporate representative that resides in a place outside of the location of its principal place of business and/or the forum district; (4) significant discovery disputes may arise which may necessitate a resolution in the forum court; and (5) based on the nature of the claim the

parties' relationship, equity favors conducting the deposition in the forum district. *Id.* (*citing Tailift USA, Inc. v. Tailift Co.*, No. 03-CV-0190-M, 2004 WL 722244, at *2 (N.D. Tex. Mar. 26, 2004).

Upon review of the applicable facts, the Court determines that the majority of the aforementioned factors weigh heavily in favor of conducting Hartford's Rule 30(b)(6) deposition in New Orleans. First, a careful perusal of the docket in this case shows that lead counsel for both parties reside in or around the New Orleans area. Although three members of Hartford's litigation team reside in Houston, Texas, Hartford's two remaining attorneys each work in New Orleans. Second, the Plaintiffs herein only seek to depose one corporate representative, and Barton has been designated by Hartford as that individual. Third, Hartford's principal place of business is in the state of Connecticut, not in Illinois; yet, it apparently selected Barton–an employee whom they knew resides in Illinois–as its representative. Finally, the underlying claim concerns a dispute regarding the purported breach of an insurance contract pertaining to property located in the Eastern District of Louisiana. Therefore, the Court finds, contrary to Hartford's assertion, that New Orleans is an appropriate forum for subject deposition and denies the motion to quash the Notice.

### B.     Objections To Topics Outlined In Notice of Deposition

With respect to the litany of objections raised as to the topics set forth in the Notice, the Court notes that the Notice expressly provides "if the deponent objects to any portion of the deposition notice, the deponent should specify those objections in writing in sufficient time prior to the deposition to permit counsel to resolve such objection or present the objection for ruling to the Court prior to the taking of the deposition." (R. Doc. 50-2. p. 3; R. Doc. 50-4, p. 2.)  To the extent that Hartford failed to object to the unaltered topics which were set forth in the original Notice issued on April 17th and reprinted in the second Notice issued on May 11th, the Court finds

10

that those objections are waived. However, because the second Notice was amended with respect to Categories C and D to include both the HO3 claim and the flood claim and because counsel for the Plaintiffs added Category H as an additional area of inquiry, the Court will entertain Hartford's objections to these Categories only.

Category C seeks "identification of all persons who had a role in handling the Plaintiffs' claim for damages related to Hurricane Katrina, including both the HO3 claims and the flood claim." Likewise, Category D asks Hartford to testify regarding "all actions undertaken by [Hartford and its agents] in handing Plaintiffs' claim for damages related to Hurricane Katrina, including both the HO3 claim and the flood claim." Hartford objects to each Category on grounds of overbreadth, relevance, attorney-client privilege, and work product. The Court finds that the scope of each of the subject Categories is overly broad in that it could include such persons as Hartford's attorneys. Therefore, the Court hereby sustains Hartford's overbreadth objections as to both Categories.

Category H asks Hartford to provide testimony regarding the opinions and qualifications of its designated experts and its relationship and communication with those experts. Hartford again objects on grounds of attorney-client privilege, work product, overbreadth, and relevance. It further notes that it "has not designated experts other than to reserve its right to seek expert testimony from independent adjusters who were retained as testifying experts in this litigation." Hartford insists that it has no corporate knowledge in this area. The Court finds that Category H, as written, contemplates work product information, and therefore precludes inquiry regarding this topic as well.

### C. **Protective Order**

Finally, the Court remains unpersuaded by Hartford's contention that the deposition would cause considerable hardship with respect to the professional responsibilities of Mr.

11

Barton–Hartford's corporate deponent. Hartford fails to provide any evidence in support of this contention by way of affidavit or other sworn statement. Furthermore, in light of the fact that Hartford itself designated Barton as its corporate representative, it is entirely unclear how or why Barton's appearance at said deposition amounts to undue hardship and/or a burden. Therefore, the Court finds that Hartford has failed to demonstrate good cause as would be required to justify the entry of a protective order on its behalf. Accordingly, Hartford's motion for a protective order is denied.

**IV.     Conclusion**

**IT IS ORDERED** that Hartford Insurance Company of the Midwest's the **Motion For Expedited Hearing (R. Doc. 38)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Hartford's **Motion To Quash Corporate Deposition and for Protective Order (R. Doc. 39)** is hereby **GRANTED IN PART** and **DENIED IN PART.**

- **IT IS GRANTED** as to Hartford's overbreath objection to Categories C and D and its objection on the ground of work product as to Category H.

- **IT IS DENIED** in all other respects. Hartford shall produce its corporate representative for a Rule 30(b)(6) deposition **no later than seven (7) days** from the signing of this Order.

New Orleans, Louisiana, this 5th day of June 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**